## UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------X
Mohammed Mokaram                          )

         Plaintiff,                       )

against-                                  )

Mr. Michael Chertoff, Secretary of DHS;   ) A#45-565-3581

Mr. Emilio T. Gonzalez,                   )

Director of USCIS;                        )  # 07 CIV 7480

Ms. Mary Ann Gantner,                     )

USCIS District Director in New York;      )    AMENDED

                                          )

Mr. Robert S. Mueller, III,               )    COMPLAINT

Director of the FBI;                      )

Mr. Mark J. Mershon,                      )

Assistant Director of the FBI in New York )

All sued in their individual              )

and official capacities                   )

         Defendants.                      )


-------------------------------------------X
```

Plaintiff files this amended complaint to rectify some typographical errors and proof reading oversights in the original complaint.

**ACTION FOR MANDAMUS**

1.

Plaintiff, Mr. Mohammed Mukaram, by and through his undersigned counsel, Shahla Khan, Esq. files this complaint seeking an order compelling Defendants to perform their duty of adjudicating Plaintiff's application for a benefit pending at the New York District Office of USCIS. Plaintiff seeks affirmative relief and damages against Defendants, Mr. Michael Chertoff, Secretary of DHS; Mr. Emilio T. Gonzalez, Director of USCIS; Ms. Mary Ann Gantner, USCIS District Director in New York; Mr. Robert S. Mueller, III, Director of the FBI; Mr. Mark J. Mershon, Assistant Director of the FBI in New York, individually and collectively, to ensure that his right under Immigration and Nationality Act ("INA")  and Administrative Procedure Act ("APA") is protected.

2.

This is a mandamus action since Plaintiff has a clear right to the relief requested, Defendants have a clear duty to perform the act in question, and no other adequate remedy is available. *See* **28 U.S.C.A. § 1361.**

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction under both the mandamus statute, **28 U.S.C. § 1361**, and the federal question statute, **28 U.S.C. § 1331**. The latter statute, in combination with the **APA, 5 U.S.C. § 701, §704, §706(1) and 5 U.S.C. § 555 (b),** which imposes a duty on agencies to conclude matters within a "reasonable time", vests the Court with jurisdiction to compel agency action that is unreasonably delayed or withheld. This court also has authority to award costs and attorneys' fees under **28 U.S.C. §2412.**

4.

Venue is proper based on Plaintiff's residence Under **28 U.S.C. § 1391(e):** Venue for the mandamus action, unless otherwise specified in some other statute, can be in any judicial district in which the defendant resides; in which a substantial part of the events or omissions giving rise to the claim occurred; or in which the plaintiff resides.

**PARTIES**

5.

Plaintiff Mr. Mohammed Mokaram resides on 1119 64 Street, B-2 Brooklyn, NY 11219. He is a citizen of Bangladesh and a Lawful Permanent Resident of the United since 1995.

6.

Defendants, Mr. Michael Chertoff, Secretary of DHS; Mr. Emilio T. Gonzalez, Director of USCIS; Ms. Mary Ann Gantner, USCIS District Director in New York; Mr. Robert S. Mueller, III, Director of the FBI; Mr. Mark J. Mershon, Assistant Director of the FBI in New York are subject to the jurisdiction and venue of this Court. They are sued in their individual and official capacities for their failure to adjudicate Plaintiff's application for his permanent residency in the United States.

**FACTUAL ALLEGATIONS**

7.

Plaintiff obtained his permanent resident status in November 1995. He applied for Citizenship and Naturalization to the United States Citizenship & Immigration Services on June 11, 2005. On January 11, 2006 Plaintiff was interviewed by Officer Ledan in 26 Federal Plaza, New York NY 10287.

Plaintiff passed the test of English and U.S. history and government, however was informed that a decision could not be made on his application due to pending security checks **(Exhibit A)**.

Since then Plaintiff has been patiently waiting for his security clearance and his oath ceremony. Plaintiff has decided to seek the assistance of the Court to compel Defendants to expedite the pending security clearance and his application for naturalization because Plaintiff is now married to Kaniz Fatima, who is a citizen of Bangladesh. Plaintiff married Ms. Fatima on February 21, 2007 **(Exhibit B - Marriage Certificate & Pictures)**. Plaintiff is now anxious to bring his wife to the United States. She is not eligible for consular processing and is unable to travel to the United States until Plaintiff is naturalized. As a Lawful Permanent Resident, the immigration laws do not allow Plaintiff to bring their spouses on a temporary visa. Only US Citizens are provided with such provisions.

8.

Plaintiff's security clearance has been pending for 21 months now. Plaintiff has exhausted, albeit unsuccessfully, all administrative options available to him. Plaintiff has called the United States Citizenship and Immigration Services

numerous times to inquire into the status and was advised that he had to contact the Office of District Director, his senators or seek congressional help. Plaintiff has written numerous letters to the Office of District Director. In response he advised that he had to wait for additional 90 days. Please see attached **Exhibit C.** Plaintiff wrote to Senator Clinton, Senator Charles Shumer, Congressman Vito Fossella, Office of the Vice President. Please see attached **Exhibit D.** In response, Plaintiff was informed that his application was pending due to security checks and that he should contact his local USCIS office. Plaintiff has made several phone calls and written inquires to the USCIS local office in New York, New York. Plaintiff contacted Vermont Service Center where he had initially filed the application but was advised to inquire from the local office. Please see attached **Exhibit E.**

9.

Plaintiff has been fingerprinted for his application for citizenship twice during the pendency of the application. Plaintiff was first fingerprinted in August 2005 and later in July 2006.

10.

The allegations of the complaint, unless patently

frivolous, are taken as true to avoid tackling the merits under the ruse of assessing jurisdiction. See _Jones v. Alexander_, 609 F.2d 778, 781 (5th Cir.1980).

## LEGAL BASIS

### Test of Jurisdiction

11.

The terms of **8 U.S.C. § 1361** provide: The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

12.

To determine whether jurisdiction is appropriate in actions in which unreasonable delays in agency actions are challenged, courts use the elements required to warrant relief to assess whether the plaintiff has established a prima facie case, warranting the exercise of jurisdiction over the dispute. See _Hernandez-Avalos_, 50 F.3d at 844; _Carpet_, 656 F.2d at 566-67; _Ocuto Blacktop and Paving Co., Inc. v. Perry_, 942 F.Supp. 783, 786 (N.D.N.Y.1996). "The test for jurisdiction is whether mandamus would be an appropriate

means of relief." See *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir.1980) (citing *Carter v. Seamans*, 411 F.2d 767, 770 (5th Cir.1969)).

### 13.

Thus, federal jurisdiction to grant a Writ of Mandamus depends upon three elements: "A plaintiff must show a clear right to the relief sought, a clear duty by the defendant to do the particular act, and that no other adequate remedy is available." See *United States v. O'Neil*, 767 F.2d 1111, 1112 (5th Cir.1985) (quoting *Green v. Hedler*, 742 F.2d 237, 241 (5th Cir.1984)).

### Mandatory Duty to Act

### 14.

The statute governing naturalization delineates (1) the application, (2) an investigation and background check, (3) an examination or interview with USCIS, (4) the administration of the oath of allegiance. See **8 U.S.C. §1446 (a)**. The statute provides for a cause of action against an agency that has failed to render a decision within 120 days following the examination. See **8 U.S.C. §1447(b)**. Although the DHS and USCIS (formally known as INS) is vested with

broad discretion in making the ultimate decision whether to grant an application for Citizenship, it has a non-discretionary duty to process the application **within a reasonable time**. This duty may be enforced through mandamus or injunctive relief. See _Yu v. Brown, 36 F.Supp.2d (D.N.M. 1999); Agbemaple v. INS, 1998 WL 292441_. See also **5 U.S.C. § 555(b)** (agency required to conclude a matter presented to it "within a reasonable time"); **8 C.F.R. § 245.6** ("[e]ach applicant for adjustment of status under this part shall be interviewed by an immigration officer"); **id. § 245.2** ("the applicant shall be notified of the decision of the director, and, if the application is denied, the reasons for the denial").

15.

Also, Defendants owe a duty mandated by the **APA, 5 U.S.C. § 701**, which imposes a duty on agencies to conclude matters within a **"reasonable time."** The **APA, 5 U.S.C. § 555 (b)**, provides in relevant part: "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." The **APA** does not provide an independent basis of subject matter jurisdiction. See _Califano v. Sanders, 430 U.S. 99, 107_

(1977). However, a federal district court has jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." See **28 U.S.C. § 1331.** This statute, in combination with the **APA,** vests the court with jurisdiction to compel agency action that is unreasonably delayed or withheld. See *Sierra Club v. Glickman,* 156 F.3d 606, 617 (5th Cir.1998) (holding that a suit to compel agency action could be brought under APA); see also *Fu v. Reno,* Civ. A. 3:99-CV-0981-L, 2000 WL 1644490 (N.D.Tex. Nov. 1, 2001) (same).

16.

"[a]dministrative agencies do not possess the discretion to avoid discharging the duties that Congress intended them to perform." **Forest Guardians, 164 F.3d at 1269.** Thus, "a court may require an agency to take action upon a matter, without directing how it shall act." **Id.** at 1271 (quoting **Attorney General's Manual on the Administrative Procedure Act, at 108 (1947)).**

17.

Most courts have not hesitated to exercise jurisdiction to compel the performance of this duty. See *Paunescu v.Immigration and Naturalization Service,* 76 F.Supp.2d 896 (N.D.Ill.1999). Characterizing the plaintiffs' experience as

a "bureaucratic nightmare," the court ordered the Agency to grant plaintiffs all relief "to which they would have been entitled had defendants processed their applications in a timely fashion." Id. at 903. Also see *Marcetic v. Immigration and Naturalization Service*, 1998 WL 173129 (N.D.Ill.1998); *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1182 (2d Cir.1978) (duty to act on visa application); *Yu*, 36 F.Supp.2d at 931 (duty to process application for adjustment of status within reasonable time); *Agbemaple v. INS,* 1998 WL 292441 *2 (N.D.Ill. May 18, 1998) (same); *Fraga v. Smith*, 607 F.Supp. 517, 521 (D.C.Or.1985) (duty to process citizenship applications).

### 18.

"In our opinion, when an agency is required to act-- either by organic statute or by the **APA**--within an expeditious, prompt, or reasonable time, **§ 706** leaves in the courts the discretion to decide whether agency delay is unreasonable." See *Forest Guardians,* 164 F.3d at 1271. The adjudication must occur within a reasonable time. A contrary position would permit USCIS, DHS and other related agencies to delay indefinitely. Congress could not have intended to authorize potentially interminable delays. Courts have held

that the mere fact that no definitive deadline has been established for scheduling an examination does not mean that USCIS possesses "unfettered discretion to relegate aliens to a state of limbo, leaving them to languish there indefinitely." *Kaplan v Chertoff,* 481 F. Supp. 2d 370, 399 (E.D. Pa. 2007), *Yong Tang v Chertoff,* 2007 WL 1821690 at 7 (D. Mass. June 26, 2007), *Duan v. Zamberry,* 2007 WL 626116, at 4 (W.D. Pa. Feb. 23, 2007). To conclude otherwise would render meaningless the APA's directive that agencies resolve matters presented to them "within a reasonable time." **5 U.S.C. §555(b).**

19.

As a matter of law, [the plaintiff] is entitled to a decision (as to his application to USCIS) **within a reasonable time**, and that it is within the power of the court to order USCIS to process the application. see *Agbemaple v. INS*, 1998 WL 292441 *2;* see also **2 Am.Jur.2d Administrative Law § 379** ("Even though agency action may be subject to no explicit time limit, a court may compel an agency to act within a reasonable time.") Thus, Defendants owe Plaintiff a non-discretionary duty to complete processing of Plaintiffs' applications **during a reasonable time.**

## Unreasonable Delay

20.

Decisions from many jurisdictions suggest that delays **approximating two years from the date of filing** are unreasonable. See, e.g. _Paunescu v. INS, 76 F.Supp.2d 896, 900-901 (N.D.Ill.1999) at 902_ (2 year delay); _Yu, 36 F.Supp. 2d at 935_ (2 1/2 year delay); _Agbemaple, 1998 WL 292441 *2_ (20 month delay); _Jefrey v. INS, 710 F.Supp. 486, 488-89 (S.D.N.Y 1989)_ (16 month delay). Even in the absence of specific deadlines, the USCIS has a non-discretionary duty to adjudicate applications for naturalization without unreasonable delay. "It is well recognized that immigration officials have a duty to process naturalization applications within a reasonable time frame." See _Kaplan, 481 F. Supp. 2d at 399, Duan 2007 WL 626116 at 4, Darma v. Chertoff, 2006 WL 1786246 at 3 (N.D. Ohio June 23, 2006)_. "Although immigration officials are vested with broad discretion in making the ultimate decision whether to grant or deny an application for naturalization, they have a non-discretionary duty to process the application within a reasonable time." _Alkenani v. Barrows, 356 F. Supp. 2d 652, 656 (N.D. Tex. 2005)_. Similarly, the FBI has a mandatory, non-discretionary

duty to complete criminal background checks with a reasonable
period of time. Defendants cannot simply choose not to
adjudicate an application for naturalization. See _Kaplan_, 481
F. Supp. 2d at 400. Grant of adjustment of status is not
legally required, but adjudication of the application one or
the other certainly is. See _Yong Tang_, 2007 WL 1821690 at 5.


## **Clear Right to the Relief**

### 21.

In order to prove Plaintiff has a clear and certain
right to mandamus relief, Plaintiff has to show that (1) he
has no other adequate remedy available and (2) he has
established a prima facie case that Defendants have violated
the non-discretionary duty owned to him.


## **No Other Remedy Available**

### 22.

Plaintiff has no other remedies available. First, there are
no administrative remedies to exhaust because Plaintiff is
not challenging a final agency decision. See _Yu_, 36 F.Supp.2d
at 932. Unless and until the immigration service decides
Plaintiff's application, Plaintiff remains in perpetual limbo
---he cannot become a US Citizen or seek judicial review of

an adverse decision on his application.

23.

Second, Plaintiff contacted Defendants several times during the course of 26 months. He approached the local Congressional Unit, Senators Offices, however without a solution. Plaintiff's unsuccessful efforts prove that no other remedy is available.

24.

"By definition, a claim of unreasonable delay cannot await final agency action before judicial review, as the very lack of agency action is what gives rise to the complaint." **2 Am.Jur.2d Administrative Law § 379; TRAC, 750 F.2d at 75** (the lack of final order is the "gravamen" of the complaint and does not preclude judicial review); **Public Citizen Health Research Group, 740 F.2d at 32; Deering Milliken, 295 F.2d at 865 (4th Cir.1961)**. Likewise, Plaintiff has no administrative remedies available to him until a final agency decision has been issued and "[i]t would indeed be ironic if the very delay now under attack which prevents the exhaustion of administrative remedies through no fault of the plaintiffs, constitutes a barrier to this Court's jurisdiction." See _Caswell v. Califano_, 583 F.2d 9, 14 (1st Cir.1978).

25.

Plaintiff has established that there is no other adequate remedy available for the harm he seeks to redress. He is afforded no means, other than resort to this Court, to challenge this alleged agency malfeasance. See _Forest Guardians_, 164 F.3d at 1269, _Wan Shih Hsieh v. Kiley_, 569 F.2d at 1182; _Rahman_, 884 F.Supp. at 787; _Agbemaple_, 1998 WL 292441 *2.

## **Prima Facie Case Established**

### 26.

Second, Plaintiff has established a prima facie case that Defendants have unreasonably delayed in processing his application. Plaintiff filed his application for Citizenship in June 2005, more than **two years ago**. This is on its face an unreasonable amount of time to process a routine application

### 27.

Plaintiffs are entitled to the inference that a delay of this length is unreasonable. See _Agbemaple, 1998 WL 292441 *2._

### 28.

Applicant for citizenship who had waited more than one year for decision by USCIS established prima facie case for mandatory injunction under **Administrative Procedure Act**

**(APA)**; INS owed clear duty to process application within reasonable time, agency's duty was mandatory and not discretionary, and applicant had clear right to relief based on length of delay and lack of other means to challenge agency's failure to act. See **5 U.S.C.A. §§ 555(b), 706(1); Immigration and Nationality Act, 8 U.S.C.A. § 1103; 8 C.F.R. § 245.2.**

## Jurisdiction Established

29.

More to the point, courts have specifically recognized jurisdiction under **28 U.S.C. § 1331** and the **APA** to hear challenges to USCIS delays in processing visa, LPR, and citizen applications. See _Fraga v. Smith,_ 607 F.Supp. 517, 520 (D.Or.1985) (jurisdiction under APA for challenge to INS (now USCIS)delay in processing citizen applications for foreign born citizens); _Sze v. INS_, 1997 WL 446236, *5 (N.D.Cal.1997) (jurisdiction under **28 U.S.C. § 1331** for challenge to delay in processing naturalization applications because the issues in the case require interpretation of federal immigration statutes and regulations). "Our function in such cases is to assure the vitality of the congressional instruction that agencies conclude matters presented to them 'within a reasonable time.' See **Amer. Feder. of Gov.**

**Employees, AFL-CIO, 790 F.2d at 117.**

30.

Mandamus jurisdiction has been established in many cases under similar circumstances to those in the case before the Court. See _Yu v. Brown, 36 F.Supp.2d 922, 932 (D.N.M.1999)_. One of the plaintiffs in _Yu_ had submitted her application for legal permanent residence two and a half years earlier. Id. She later learned that her fingerprints had not cleared and refiled her fingerprint card. Id. Judge Vasquez concluded that the defendants, including the INS, had a non-discretionary duty to process the plaintiffs' applications and held that the defendants had breached this duty by failing to act on Yu's application within a year of the time she refiled her fingerprint card. Id. at 933. Other courts have found that the agency had a mandatory duty to adjudicate applications for adjustment of status. See, e.g., _Iddir v. I.N.S., 301 F.3d 492, 500 (7th Cir.2002)_ ("the relevant statutes and regulations confirm that the INS did have the duty to adjudicate the appellants' applications in a reasonable period of time."); _Razik v. Perryman,_ Nos. A76-775-899-902, 2003 WL 21878726, *2 (N.D.Ill. Aug. 7, 2003); _Krishnamoorthy, v. Ridge,_ No. 03 C 415, 2003 WL 21204051 (N.D.Ill. May 19, 2003); _Setharatsomphou v. Reno,_

No. 98 C 7076, 1999 WL 755292 (N.D.Ill. Sept. 27, 1999);
*Paunescu v. INS*, 76 F.Supp.2d 896, 900-901 (N.D.Ill.1999);
*Agbemapble v. I.N.S.*, No. 97 C 8547, 1998 WL 292441, *2
(N.D.Ill. May 18, 1998).

### 31.

As proved above, Plaintiff filed his application for
Citizenship in June 2005, more than **two years ago**. The
regular processing time as reflected in the USCIS website is
six months. Also, just because a delay is "not unusual" does
not make it reasonable. See *Jefrey v. INS*, 710 F. Supp. 486
(S.D.N.Y. 1989).

### 32.

Lack of Citizenship has resulted in extreme hardship to
Plaintiff and his family. Plaintiff is unable to bring his
wife to the United States as a lawful permanent resident.
Plaintiff is the victim of a bureaucratic nightmare. He
should not be penalized for the government's misfeasance.
Plaintiff's application has been pending for **over two years**
since it was first filed and has been **unreasonably delayed**.
Thus, Defendants have a ministerial duty to consider
Plaintiff's application and may not unreasonably delay the
performance of that duty.

## DAMAGES REQUESTED

33.

Plaintiff has incurred tremendous cost on traveling to Bangladesh not to mention the emotional hardship him and his wife have to endure due to this delay. To minimize the separation from his wife, Plaintiff regularly communicates with his wife on the phone, as a result he has incurred astronomical phone bills **(Exhibit F)**. Plaintiff financially supports his wife in Bangladesh and regularly has to transfer funds to her which has caused additional financial burden for him. Plaintiff incurs fee in wire transfers **(Exhibit G)**. He is entitled to the damage of emotional pain he has suffered for over two years of application process, including the attorneys' fees for filing this lawsuit. See _Adelaida Garcia v. Vernon Mcaninch_, 435 F. Supp. 240; 1977 U.S. Dist. Lexis 14720. Plaintiff is a person of good moral character. He is currently employed by the New York City Office of Payroll Administration as a Computer Systems Manager. Plaintiff intends to travel to Bangladesh to visit his wife in September 2007.

## CAUSES OF ACTION

### First Cause of Action

### Violation of 5 U.S.C. § 555 (b) for Failure to Decide Plaintiff's Application for over two and a half years after it was Filed

34.

Plaintiff repeats and realleges paragraphs 7-12.

35.

Defendants failed to decide Plaintiff's Application within a reasonable time, which violates **APA, 5 U.S.C. § 555 (b)**: "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

### Second Cause of Action

### Violation of 5 U.S.C. § 555 (b) for Failure to Give Plaintiff any Response for over two and a half years after Plaintiff Filed His Application

36.

Plaintiff repeats and realleges paragraphs 7-12.

37.

Plaintiff filed his application on June 11, 2005.

Plaintiff was interviewed on January 11, 2006. No decision was made on that day because of pending security checks. Plaintiff's application has been pending due to security clearances for more than two and a half years. It is a violation of **APA, 5 U.S.C. § 555 (b)**.


### Third Cause of Action

### Violation of 5 U.S.C. § 555 (b) for Failure to Decide Plaintiff's Application for Two and A Half Years after Plaintiff's Interview

38.

Plaintiff repeats and realleges paragraphs 7-12.

39.

Plaintiff attended the interview conducted by Officer Leden at 26 Federal Plaza, New York, New York on January 11, 2006. Plaintiff was first fingerprinted for security clearance in August 2005. Security checks on Plaintiff's background have been pending for more than two years since the time he was first fingerprinted. Such a delay is a violation of **APA, 5 U.S.C. § 555 (b)**.


### PRAYERS FOR RELIEF

WHEREFORE, on the basis of the foregoing, Plaintiff prays that this Court:

1.   Order that Defendants adjudicate Plaintiff's Application for Naturalization without any further delay.

2.   Award Plaintiff damages for his financial loss/expenses incurred and emotional pain along with attorney's fees.

Dated:   New York, New York

August 15, 2007


Respectfully Submitted:


_____

By:   Shahla Khan, Esq.

Law Office of Shahla Khan PLLC

Attorney for Plaintiff

1375 Broadway, 3rd Floor

New York, NY 10018

Tel: 646-287-4667

Fax: 646-253-1258